NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EMILIANO TRUJILLO ALONSO, *Appellant.*

No. 1 CA-CR 24-0323

FILED 07-31-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-139169-001
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Damon A. Rossi
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Madeline Shupe
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the Court's decision, in which Judge Andrew M. Jacobs and Judge Michael S. Catlett joined.

_____

**W I L L I A M S**, Judge:

**¶1**        Defendant Emiliano Trujillo Alonso appeals his convictions and sentences for two counts of child molestation, three counts of sexual abuse, and two counts of sexual conduct with a minor. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        In 2011, a family friend reported to police Alonso had sexually abused her. No charges were brought against Alonso at the time. In 2022, two of Alonso's daughters reported to police they too were sexually abused years earlier. Police investigated, and the State ultimately charged Alonso with seven felonies involving the three victims.

**¶3**        Before trial, the State moved *in limine* to preclude opinion testimony regarding the victims' credibility, including "the percentage or frequency of false allegations" in sexual abuse cases. Alonso did not object but also asked the trial court for "reciprocal consideration" by precluding opinion testimony as to his credibility. After oral argument, the court's resulting minute entry granted the State's motion but was silent as to Alonso's request. A review of the oral argument transcript, however, makes clear the court only expressly ordered the preclusion of testimony regarding false allegations.

**¶4**        At trial, the jury heard testimony from the three victims, the lead detective, two police officers, one daughter's high school teacher, an expert on the process of victimization, and the forensic nurse practitioner who completed a physical evaluation of the family friend. As part of the detective's testimony, he read aloud to the jury 103 pages of his interrogation of Alonso. Prior to the detective's testimony, Alonso asked the trial court to strike the following few lines from the transcript as improper opinion evidence:

> [Detective]: I-I kn—I kn—I know when someone isn't telling me the truth.

[Alonso]: Uh-huh.

[Detective]: You're not tell-telling me the truth right now. But-but I know that you remembered what's happened.

[Alonso]: Mm.

. . .

[Detective]: Yeah. Tell me one time. What happened. One time. I don't think they're ly-lying. I don't.

[Alonso]: No, and like I said, I-I—honestly, I—I us-used to use [marijuana] and I don't remember.

**¶5**   The trial court denied Alonso's request reasoning that the lines were not testimony, but rather "an interview in which the police officers [were] legally allowed to lie." The court told Alonso, however, it would consider providing a jury instruction "to talk about what the detective sa[id] in the interview" if Alonso wished to draft one. He drafted two. The court combined the two into a single instruction as follows:

> Detective []'s questions and/or statements to [Alonso] in his interview (Exhibit 22) are not testimony and should not be considered by you for any purpose other than to give meaning to [Alonso's] answers. You should not consider any opinion he gave during this interview about [Alonso's] believability.

**¶6**   The jury convicted Alonso as charged. The trial court sentenced Alonso to varying terms of imprisonment on each count, with the longest term being life imprisonment with the possibility of release after 35 years. Alonso timely appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7**   Alonso argues the trial court erred in allowing the detective to read his interrogation statements that (1) he knew when someone wasn't telling him the truth, (2) Alonso wasn't telling him the truth, and (3) his belief the victims weren't lying. Those statements, Alonso contends,

constituted opinion evidence that Alonso "lacked honesty" and "vouched for [the victims'] honesty," entitling Alonso to a new trial.

**¶8**        We review a trial court's evidentiary ruling for an abuse of discretion. *State v. Gentry*, 247 Ariz. 381, 385, ¶ 14 (App. 2019). Because Alonso raised his objection in the trial court, we review for harmless error, "which places the burden on the state to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Strong*, 258 Ariz. 184, 200, ¶ 45 (2024) (internal quotations and citation omitted).

**¶9**        Arizona prohibits opinion testimony from one witness concerning the truthfulness of a statement by another witness. *State v. Boggs*, 218 Ariz. 325, 335, ¶ 39 (2008). Instead, "[d]etermining veracity and credibility lies within the province of the jury, and opinions about witness credibility are 'nothing more than advice to jurors on how to decide the case.'" *Id.* (quoting *State v. Moran*, 151 Ariz. 378, 383 (1986)). But our supreme court has instructed that, on a limited basis, a detective's accusations about a defendant's untruthfulness may be admitted where the accusations "were part of an interrogation technique and were not made for the purpose of giving opinion testimony at trial." *Id.* at ¶ 40. Such limited admissibility generally hinges upon a detective's comments providing "a necessary context for the defendant's responses . . . especially when a suspect's story shifts and changes.'" *Id.* at ¶ 41 (quoting *Lanham v. Commonwealth*, 171 S.W.3d 14, 27 (Ky. 2005)); *see also State v. Cordova*, 51 P.3d 449, 455 (Idaho Ct. App. 2002) (allowing such statements by an interrogator "to the extent that they provide context to a relevant answer by the suspect"); *Dubria v. Smith*, 224 F.3d 995, 1001–02 (9th Cir. 2000) (concluding an officer's statements simply gave context to the defendant's statements).

**¶10**        The State maintains the detective's statements were made "as part of an interrogation technique to elicit statements from Alonso." Be that as it may, nothing about the detective's statements provided any meaningful context to Alonso's answers. Alonso's responses of "Uh-huh" and "Mm" are merely verbal cues he was listening to and understanding what the detective was saying. And to the detective's statement that he didn't think the victims were lying, Alonso's response was that his past marijuana use impacted his ability to remember what happened. But throughout the interrogation, Alonso's story never really "shift[ed] and change[d]." *See Boggs*, 218 Ariz at 335, ¶ 41 (internal quotation marks and citation omitted). Alonso admitted to touching the victims' breasts and vagina but maintained he never did so with sexual motivation or for a sexual purpose. Because the detective's statements provided no helpful

context for Alonso's "Uh-huh", "Mm," and "I don't remember" answers, the detective's interrogation statements should not have been admitted.

¶11    Having found error, the question becomes whether proof beyond a reasonable doubt exists from a review of the record to conclude "the error did not contribute to or affect the verdict or sentence." *Strong*, 258 Ariz. at 200, ¶ 45.

¶12    Molestation of a child (genitals and anus) and sexual abuse (female breast) require proof the defendant "intentionally or knowingly engag[ed] in . . . sexual contact" with any person "who is under fifteen years of age." A.R.S. § 13-1410(A), -1404(A), (B). Sexual conduct with a minor requires proof the defendant "intentionally or knowingly engag[ed] in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." A.R.S. § 13-1405(A). Contact for "caretaking responsibilities" or "interactions with a minor . . . that an objective, reasonable person would recognize as normal and reasonable under the circumstances" is permissible. A.R.S. § 13-1401(A)(3)(b).

¶13    As noted, *supra* ¶ 10, Alonso admitted to touching the victims. But he claimed to have done so while checking his daughters' breasts for cancerous lumps and vaginas while providing uterus massages — all for non-sexual purposes. As for the family friend, Alonso said he accidentally touched her "parts" when he caught her in the air. No "objective, reasonable person" would recognize these touches as "caretaking responsibilities" or "normal and reasonable under the circumstances." A.R.S. § 13-1401(A)(3)(b). Alonso's claims are rendered all the more preposterous given his admissions he showed his daughters videos of sex scenes while lying in bed.

¶14    Further, the trial court provided a limiting instruction to the jury, prohibiting them from considering the detective's statements as testimony or for "any purpose, other than to give meaning to [Alonso's] answers." It also instructed the jury "not [to] consider any opinion [the detective] gave during th[e] interview about [Alonso's] believability." Alonso did not object to the instruction, and in fact crafted two separate instructions that were combined to make the final instruction the court provided to the jury. We presume juries follow the court's instructions. *State v. Dann*, 205 Ariz. 557, 570, ¶ 46 (2003).

¶15    In combination with the evidence against Alonso, the victims' testimonies and his own admission to "touching, fondling or

5

manipulating" the victims, A.R.S. § 13-1401(A)(3)(a), the instruction further rendered the error harmless.

**¶16**     For the same reasons, any Arizona Rule of Evidence 403 error Alonso raises for the first time on appeal, which we review for fundamental error only, is necessarily not prejudicial. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).

## CONCLUSION

**¶17**     We affirm Alonso's convictions and sentences.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR